UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA AREA LOCAL,
AMERICAN POSTAL WORKERS
UNION,

      Petitioner,

v.                             Case No:  2:14-cv-75-FtM-29DNF

UNITED STATES POSTAL SERVICE,

      Respondent.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court on the Respondent, the United States Postal Service's Motion to Dismiss Petition to Confirm Arbitration Award for Lack of Jurisdiction (Doc. 8) filed on May 16, 2014. The Petitioner, Southwest Florida Area Local, American Postal Workers Union filed a Response in Opposition to Respondent's Motion to Dismiss With Request for Oral Argument (Doc. 14) on June 9, 2014.   The United States Postal Service ("USPS") filed a Reply (Doc. 19) on July 16, 2014.   The USPS argues that the Petition to Confirm Arbitration Award (Doc. 1) filed on February 11, 2014 should be dismissed for lack of subject matter jurisdiction because the action is not ripe for judicial review.

      **I.**        **Allegations in the Petition**

      In the Petition to Confirm Arbitration Award (Doc. 1), Southwest Florida Area Local, American Postal Workers Union ("Union") asserts that it filed a labor grievance regarding the assignment of the "prepping" of flat mail to the National Postal Mail Handlers Union ("Mail Handlers") instead of the Clerks Craft at the postal facility located at 14080 Jetport Loop, Fort

Myers, Florida 33913 ("Facility"). (Doc. 1, ¶ 5). In the summer of 2000, the Facility received the new Automated Flat Sorting Machine 100 ("Sorting Machine") to process flat mail, and the USPS created the "035 flat" prepping operation for the Sorting Machine. (Doc. 1, ¶6). The Union claims that the Clerks Craft prepped flat mail since the Facility opened, yet the USPS assigned the 035 flat prepping to the Mail Handlers. (Doc. 1, ¶7).

To resolve disputes, the Union, Mail Handlers and the USPS entered into a Memorandum of Understanding, Regional Instruction 399 – Dispute Resolution Procedures (Doc. 1-1) to resolve jurisdictional disputes arising from jurisdictional work assignments in a postal facility.   In addition, the American Postal Workers Union, AFL-CIO and USPS entered into a Collective Bargaining Agreement (Doc. 1-2) which provides that "[a]ll decisions of the arbitrator will be final and binding." (Collective Bargaining Agreement, Doc. 1-2, Art. 15 § 5(A)(6), Doc. 1, ¶9).

In August 2000, the Union filed a grievance protesting the USPS's decision to assign the flat mail prepping work to the Mail Handlers rather than the Clerks Craft.   (Doc. 1, ¶10). On June 12, 2013, a hearing was held before arbitrator Edward E. Hales with USPS, the Union, and the Mail Handlers present.   Arbitrator Hales determined that the Clerks Crafts' grievance should be sustained and found that USPS improperly assigned the flat prepping work to the Mail Handlers after the Sorting Machines were operational at the Facility. (Doc. 1, ¶12).   "The disputed work did not fall within an exception to RI-399 which would have indicated that a change in Craft assignment was permissible."   (Doc. 1, ¶12).   Arbitrator Hales found that the Clerks Craft should have kept the flat mail prep work.   (Doc. 1, ¶12). Arbitrator Hales awarded the Clerks Craft monetary relief in the form of back pay compensation.   (Doc. 1, ¶13). Arbitrator Hales entered the following award:

> After an analysis of the evidence presented in this case, and a review of arbitration awards with very similar issues, it is found that Management at the

Facility improperly assigned the prepping work after the introduction of the new AFSM 100 machine to the Mail Handlers craft. Therefore, the grievance filed by the Clerks craft is hereby sustained. Further, the Clerks craft shall be awarded back compensation for the improper assignment of the disputed prepping work to the Mail Handler craft. Finally, the monetary relief granted in this award is hereby remanded to the Article 15 grievance procedure for implementation.

(Doc. 1-3, p. 14). The Union asserts that the USPS failed to move to vacate the award.   (Doc. 1, ¶18).   On August 28, 2013, the Union wrote to the USPS's plant manager and on December 17, 2013, the Union wrote to USPS's district manager attempting to have the arbitration award implemented.   (Doc. 1, ¶19). USPS responded on December 23, 2013, that it disagreed with Arbitrator Hales' findings on the merits and asserted that Arbitrator Hales exceeded his authority when he granted an Article 15 monetary remedy, and USPS was reviewing the decision of Arbitrator Hale.   (Doc. 1, ¶20). On January 21, 2014, the Union again wrote to USPS regarding the Union's back pay compensation and the return of the mail prep work to the Clerks Craft. (Doc. 1, ¶21). The Union states that it has exhausted its administrative remedies and is requesting that the Court confirm and implement the August 15, 2013 arbitration award, provide back compensation for the improper assignment of the disputed prep work, implement the arbitration award, award pre-judgment interest, award attorneys' fees and costs, and grant any applicable statutory penalties.   (Doc. 1, ¶22. p. 5).

## II.        Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.   "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."   *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).   The burden of establishing the existence of federal subject matter

jurisdiction is with the party that brings the claim.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).  Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: (1) facial attacks, and (2) factual attacks. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered."  *Lawrence v Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  A facial attack challenges the complaint on its face and "requires the court merely ... look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction." *Stalley v. Orlando Reg'l Healthcare Sys.,* 524 F.3d 1229, 1232–33 (11th Cir.2008). In a facial attack, the Court accepts as true all of the allegations of the complaint and construes them in a light most favorable to the plaintiff.  *Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994).

Courts have jurisdiction under Chapter 12 of the Postal Reorganization Act, 39 U.S.C. § 1208(b), "to enforce arbitration awards which are final decisions on the merits and are consistent with the terms of the Collective Bargaining Agreement."  *American Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 827 F. Supp. 836, 838 (D.D.C. 1993) (citing *W.R. Grace & Co. v. Rubber Workers Local 759,* 461 U.S. 757, 764 (1982)).   In the instant case, the USPS is factually attacking the subject matter jurisdiction of this Court arguing that the Arbitrator's decision was not a final decision, and therefore the Court lacks subject matter jurisdiction to consider whether to enforce Arbitrator Hale's decision.

### III.    Analysis

USPS argues that the Union's Petition (Doc. 1) to confirm the arbitration award should be dismissed for lack of jurisdiction because Arbitrator Hale did not determine the remedy for the

dispute, and therefore, Arbitrator Hale's decision was not final.   The Union asserts that the Arbitration Award was final and binding, and therefore the Court has subject matter jurisdiction to enforce it.

The award itself does not state that it is a final award. Arbitrator Hale stated in the Award, "[t]herefore, the grievance filed by the Clerks Craft is hereby sustained. Further, the Clerks Craft shall be awarded back compensation for the improper assignment of the disputed prepping work to the Mail Handler Craft. Finally, the monetary relief granted in this award is hereby remanded to the Article 15 grievance procedure for implementation." (Doc. 1-3, p. 14).

The issue presented is whether this Court is able to enforce an award where Arbitrator Hale resolved liability in favor of the Clerks Craft, determined the remedy which awarded back compensation for the improper assignment of duties, but failed to determine an exact dollar amount for the monetary relief, and instead remanded the monetary relief award to the Article 15 grievance procedure for implementation.

Courts are reluctant to determine the intent of an arbitrator and are "bound to exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution and when enforcement of an arbitration award or settlement agreement is sought under Section 301, the court must be able to say with positive assurance that the award or settlement was intended to cover the dispute." *American Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 827 F. Supp. 836, 839 (D.D.C. 1993) (internal quotation marks omitted) (quoting *United Mine Workers of America District No. 5. v. Consolidation Coal Co.*, 666 F. 2d 806, 811 (3d Cir. 1981)).[1]   USPS asserts that Arbitrator Hale's Award was not final and binding and therefore, the issue raised as to enforcing

---

[1] Section 15(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b) has been interpreted uniformly with § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).   *Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 938 F.Supp.2d 555, 558 (W.D. Pa. 2013).

the Award is not ripe for judicial review.  "Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction."  *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.,* 559 U.S. 662, 670 n.2 (2010) (citation and internal quotation marks omitted).  A court must consider both constitutional and prudential matters in determining whether a claim is ripe for review.  *National Advertising Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005) (citation omitted).  The inquiry must focus on whether "the claim presented is 'of sufficient concreteness to evidence a ripeness for review.'"  *Id.* A determination of ripeness rests on two determinations: (1) fitness of the issues for judicial review; and (2) the hardship on the parties to withhold court consideration. *Id.* (citations omitted).

Before the Court determines whether Arbitrator Hale's award is final and binding, the Court will consider whether it has subject matter jurisdiction even if Arbitrator Hale's award is not final and binding.  The Postal Reorganization Act, 39 U.S.C. § 1208(b) provides that the Court has jurisdiction over "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal employees." There is no mention in the Postal Reorganization Act that the arbitrator's decision must be final.   However, case law provides that a court may only enforce an arbitration award that is final and binding.  *Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. United States Postal Service*, 938 F. Supp. 2d 555, 558-559 (W.D. Pa. 2013). This requirement that an arbitration award be final and binding before it can be enforced is not one that determines a court's subject matter jurisdiction because Congress has conferred jurisdiction on the court through the Postal Reorganization Act, 39 U.S.C. § 1208(b). *Id.* at 558-59.   The Act itself does not require that the arbitration award be final and binding to confer jurisdiction. *Id.* at 559. Rather, the issue of whether an arbitrator has made an unambiguous determination of a

remedy is a determination of whether a Union has stated a claim for relief, and not an issue of a court's subject matter jurisdiction which has been conferred by statute.  *Id*. (citing *Bensalem Park Maint., Ltd. v. Metro. Reg'l Council of Carpenters,* 2011 WL 2633154, at *4 (E.D. Pa. July 5, 2011) and *Union Switch & Signal Div. Am. Std. Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610,* 900 F.2d 608, 612 (3d Cir. 1990).

USPS relies heavily on the case of *American Postal Workers' Union, AFL-CIO v. U.S. Postal Service*, 646 F. Supp. 2d 1 (D.D.C. 2009) in support of its assertion that the Court lacks subject matter jurisdiction.   In *American Postal Workers' Union, supra,* the Court did state that a "federal court only has jurisdiction to vacate or enforce a labor arbitration award if it is final and binding" citing *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.,* 372 U.S. 517, 519 (1963); and *Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d 1373, 1375 (9th Cir. 1987). *Id.* at *3. The court concluded that it lacked jurisdiction to vacate or enforce the arbitration award because it was not final and binding and the grievance had not been exhausted through the arbitration procedure. *Id*. The court determined that exhaustion of remedies must occur before judicial intervention citing *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO v. U.S. Postal Services, B.N.*, 594 F.2d 988, 991 (4th Cir. 1979). *Id*. at *4.   In *Nat'l Post Office Mail Handlers,* the Fourth Circuit determined that "[i]t is a well-established principle of labor law that a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention."   *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO v. U.S. Postal Services, B.N.*, 594 F.2d 988, 991 (4th Cir. 1979) (citing *Republic Steele Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965) and *United Steelworkers v. Amer. Manuf. Co.*, 363 U.S. 564, 566 (1960)).

In the instant case, USPS argues that this Court lacks jurisdiction because Arbitrator Hale's determination was not final and binding. The Court agrees that an arbitration award must be final and binding to be enforceable by a Court, however, the Court does not lack subject matter jurisdiction if the award is not final and binding because subject matter jurisdiction was conferred by the Postal Reorganization Act.   Rather, the issue of whether an arbitrator's award is final and binding is determined under Fed. R. Civ. P. 12(b)(6) as to whether a plaintiff stated a claim upon which relief may be granted, and not a question of subject matter jurisdiction. Therefore, even if Arbitrator Hale's arbitration award was not final and binding, this Court has subject matter jurisdiction.[2]

The Court must analyze whether Arbitrator Hale's determination is final and binding to determine if the Union states a claim upon which relief may be granted.   USPS relies on the case of *American Postal Workers' Union*, *supra*, asserting that the facts are closely aligned. The *American Postal Workers' Union*, *supra*, case's facts are similar to the case at bar, with one major difference. The arbitrator in that case determined that the Clerks should be handling the flat prep work for the AFSM 100 machines and that the reassignment of this work to the Mailhandlers was improper.   *Id*. at *2. However, the arbitrator determined that "[t]he APWU and the Service shall submit the issue of remedy to the Article 15 process" and made no further findings as to a remedy. *Id*.   In the instant case, Arbitrator Hale determined that the Clerks Craft should be awarded "back compensation."   The court in *American Postal Worker's Union* held that the arbitration award was not final because the remedy was not determined in the arbitration award.   Therefore, the arbitration award was not final and binding and the court dismissed the complaint as premature

---

2 In this case, the outcome of the Motion to Dismiss is the same whether it is dismissed due to lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted.   In either case, as the Court later determines, the Arbitration Award of Arbitrator Hale is not final and binding.

and for lack of jurisdiction.  *Id.* at *3-4. USPS argues that Arbitrator Hale's arbitration award is also not final.  The Union argues that Arbitrator Hale did make a determination as to a remedy and the only actions that remain are determining the amount and implementing the Award.

"As a general rule an arbitration award requiring reinstatement and back pay, but leaving the calculation of the amount of back pay to the parties, in considered final and enforceable." *United Steel, Paper and Forestry, Rubber Manuf., Energy, Allied Indust. and Serv. Workers Intern. Union v. Smurfit-Stone Container*, 479 Fed. App'x 250, 254 (11th Cir. 2012).  Yet, when parties cannot agree as to the amount of back pay, then the normal course of action is for a court to determine that the award was ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award. *Id.* (internal quotations omitted) (citing *Aluminum Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp.*, 991 F.2d 1545, 1549 (11th Cir. 1993)). However, if an arbitrator clearly sets forth the remedy and it would be a "pointless gesture" to remand the matter to the arbitrator for mathematical calculations, then the district court may compute the amount of damages. *Id. See also*, *Sheedy Drayage Co. v. Teamsters Union Local No. 2785,* 2013 WL 791886 (N.D. Ca. March 4, 2013) ("the arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable" (citations and internal quotation marks omitted)).

In the instant case, Arbitrator Hale determined liability in finding that the Management at the Facility improperly assigned the prep work for the AFSM 100 machine to the Mail Handler Craft, and sustained the Clerks Craft grievance. Arbitrator Hale determined that the remedy was the Clerks Craft being awarded back compensation for this improper assignment. He then remanded the monetary relief to the Article 15 grievance procedure for implementation. The issue is whether the computation of back compensation for the Clerk Craft is merely a monetary

mathematical computation or whether there are significant issues that still must be determined as to this grievance.

      USPS asserts that because Arbitrator Hale remanded the monetary relief to the Article 15 grievance procedure that the Award was not final and binding.   The Union argues that the only outstanding issue is the monetary calculation. In its Reply (Doc. 19), USPS clarified its position as to the back compensation set forth in the Award, and argues that back compensation is much more than a simple mathematical computation or ministerial task. USPS indicates that the amount of time for the award of back compensation is at issue.   USPS indicates that the Union is requesting back compensation from 2000 to the present, however, USPS claims that in 2005 "significant operational modifications" occurred to the Sorting Machine with the "addition of the Automatic Induction/Automatic Tray Handling System (AI/ATHS)" limiting back compensation to the date the machine modifications occurred. (Doc. 19, p. 3). USPS claims that a matter revolving around this modification will be heard by an arbitrator at the national level. (Doc. 19, p.3).   Therefore, the amount of time for the back compensation is at issue.

      In addition, USPS argues that back compensation can take a "myriad of forms." (Doc. 19, p. 4).   USPS contends that many issues must be resolved such as "years of clock rings," which individuals are entitled to compensation, the rates of pay which could vary depending on the individual, the rates of overtime pay, as well as other issues.   The Court agrees that the Award does not resolve the determination of how to compute "back compensation" or the components of back compensation.   Further, Arbitrator Hale contemplated further arbitration regarding the remedy in this case by remanding the monetary relief to the "Article 15 grievance procedure for implementation." (Doc. 1-3, p. 14).

The Union argues that even if it failed to exhaust its remedies, if the remedies are unsatisfactory or unworkable because of the misconduct of the employer or the union, the exhaustion of remedies is not required, citing *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO*, 594 F. 2d 991 (4th Cir. 1979).   The Union argues that it has made numerous attempts to contact USPS to implement the Award, and numerous attempts to complete the Article 15 grievance procedure as to remedies. The Union claims that USPS has made no effort to complete its obligations under the Award. USPS argues that it disagrees with the Unions demand for $42.5 million dollars, and USPS attempted to schedule the second arbitration, which was scheduled for August 8, 2014.   (Doc. 19, p. 9).

Courts are reluctant to intrude on the bargained-for method of dispute resolution between an employer and union, and the Court in this case is also reluctant to intrude into the arbitration process. *American Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 827 F. Supp. 836, 839 (D.D.C. 1993) (internal quotation marks omitted) (quoting *United Mine Workers of America District No. 5. v. Consolidation Coal Co.*, 666 F. 2d 806, 811 (3d Cir. 1981)). While USPS has not proceeded with any alacrity, the Union has not demonstrated that the arbitration process in this case is unworkable due to USPS's conduct. Arbitration was scheduled for August 8, 2014.

## IV.     Conclusion

The Court finds that it has subject matter jurisdiction in this case pursuant to the Postal Reorganization Act.   The Court also determines that the Arbitration Award entered by Arbitrator Hale is not a final and binding decision, and therefore the Union has failed to state a claim upon which relief may be granted. The Court further finds that although best efforts possible may not have occurred, the arbitration process was not unsatisfactory or unworkable by reason of the

conduct of USPS. Therefore, the Court respectfully recommends that this action be dismissed for failure to state a claim upon which relief may be granted.

**IT IS RESPECTFULLY RECOMMENDED:**

1)  The Motion to Dismiss Petition to Confirm Arbitration Award for Lack of Jurisdiction (Doc. 8) be **GRANTED** and this action be dismissed.

2)  The Request for Oral Argument (Doc. 14) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 20, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties