UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA AREA
LOCAL, AMERICAN POSTAL
WORKERS UNION,

      Petitioner,

v.                       Case No: 2:14-cv-75-FtM-29DNF

UNITED STATES POSTAL
SERVICE,

      Respondent.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of United
States Magistrate Judge Douglas N. Frazier's Report and
Recommendation (Doc. #22), filed August 20, 2014, recommending
that Petitioner's Petition to Confirm Arbitration Award (Doc. #1)
be dismissed for failure to state a claim upon which relief can be
granted. Petitioner and Respondent each filed Objections (Docs.
##23-24) on September 3, 2014 and Responses (Docs. ##25-26) on
September 17 and September 18, 2014, respectively.

### I.

This matter stems from Respondent the United States Postal
Service's (the Postal Service) decision in the summer of 2000 to
assign the "prepping" of certain flat mail at the Fort Myers postal
facility to the National Postal Mail Handlers Union (the Mail
Handlers) instead of to Petitioner the Southwest Florida Area

Local, American Postal Workers Union (the Union).   The Union opposed that decision and, pursuant to a contractual arbitration process, sought a determination that the Union, not the Mail Handlers, were entitled to the prepping work.   The Union prevailed, and arbitrator Edward E. Hales (the Arbitrator) issued an award (the Award) holding that the work assignment should have been to Union employees and granting the Union employees back pay. (Doc. #1-3.)   The Award did not determine the amount of monetary relief owed to the Union employees or specify the method for calculating back pay.   (Id.)   Instead, the Arbitrator remanded those matters to be resolved in Article 15 grievance proceedings pursuant to the parties' collective bargaining agreement.[1]   (Id.)

On February 11, 2014, prior to the completion of the Article 15 process on remand, the Union filed its Petition to Confirm the Award (the Petition).   (Doc. #1.)   The Postal Service moved to dismiss the Petition, arguing that a federal court does not have subject matter jurisdiction since the case is not ripe for judicial review because the Award is not final and binding.   (Doc. #8.)   In response, the Union argued that arbitration awards which determine liability and specify a remedy are final and confirmable, even if

---

[1] The grievance procedure is commonly referred to as an Article 15 Proceeding because the particulars of the grievance process are set forth in Article 15 of the parties' collective bargaining agreement.   (Doc. #1.2, p. 87.)

the amount of damages is left for further determination.  (Doc. #14.)

On August 20, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the Postal Service's motion to dismiss be granted, but on a different ground than asserted in the motion.  (Doc. #22.)  The Magistrate Judge agreed with the Postal Service that the Award was not final and binding, but found that a federal district court nonetheless had subject matter jurisdiction under the Postal Reorganization Act, which does not specify that an arbitration award must be final and binding to confer jurisdiction.  39 U.S.C. § 1208(b).  Nevertheless, the Magistrate Judge concluded that the Petition should be dismissed on the merits because the Union had failed to state a claim upon which relief can be granted because the Award was not final and binding and therefore could not be confirmed.  (Doc. #22.)

Both parties objected to the Report and Recommendation.  The Union argues that the Report and Recommendation should be rejected and the Postal Service's motion to dismiss should be denied because (1) the Postal Service's motion was premised on a lack of subject matter jurisdiction, an argument the Magistrate Judge ultimately rejected; (2) the Magistrate Judge improperly converted the Postal Service's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction into a Rule 12(b)(6) motion to dismiss for failure to state a claim; (3) the Magistrate Judge improperly

considered evidence outside the pleadings in determining that the Union had failed to state a claim upon which relief can be granted; and (4) the Award is final and binding.  (Docs. ##23, 25.)  The Postal Service agrees with the Magistrate Judge's recommendation that the Award is not final and binding and, therefore, the Petition should be dismissed.  (Docs. ##24, 26.)  However, the Postal Service disagrees with the Magistrate Judge's conclusion that a final and binding award is not a pre-requisite for subject matter jurisdiction.  (Id.)  The Postal Service argues that because the Award is not final and binding the Petition should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  (Id.)  Thus, neither party supports resolution of the case under Rule 12(b)(6).

## II.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific

objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions <em>de novo</em>, even in the absence of an objection.  <u>See</u> <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

### III.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." <u>Gunn v. Minton</u>, 133 S. Ct. 1059, 1064 (2013) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)).  The Constitution mandates that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  U.S. Const. art. III, § 1.  Additionally, "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S. Ct. 1523, 1529 (2013) (citation and internal quotation marks omitted).  <u>See also</u> <u>Susan B. Anthony List v. Driehaus</u>, 134 S. Ct. 2334, 2341-42 (2014).  The party invoking a federal court's jurisdiction has the burden of establishing subject matter jurisdiction.  <u>Driehaus</u>, 134 S. Ct. at 2342;

Kokkonen, 511 U.S. at 377.

The Court begins with a description of the claim set forth in the Petition.  As its caption states, the Petition seeks to confirm an arbitration award.  The Petition alleges a collective bargaining agreement and a memorandum of understanding which required arbitration of disputed issues; a dispute between the Postal Service and the Union regarding the assignment of certain prep work for flat mail; arbitration of that dispute pursuant to the agreements; an arbitrator's award in favor of the Union; and the Union's claim to judicially enforce the award.

There is no dispute that the Constitution permits Congress to extend federal court jurisdiction to a claim such as this one. The disputed issues are whether Congress has done so, and if so, whether this particular case is ripe for judicial review and is thus an Article III case or controversy.  Defendant's motion to dismiss focused on the ripeness issue, although its Reply (Doc. #19) touches on the asserted lack of a jurisdiction-granting statute.

Federal courts are authorized to confirm arbitration awards pursuant to the Federal Arbitration Act, which provides in part:

> If the parties in their agreement have agreed that
> a judgment of the court shall be entered upon the
> award made pursuant to the arbitration, and shall
> specify the court, then at any time within one year
> after the award is made any party to the arbitration
> may apply to the court so specified for an order
> confirming the award, and thereupon the court must

grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. It is well established that this is not a grant of jurisdiction to federal courts, but that a plaintiff has to establish an independent basis for federal jurisdiction in order to seek confirmation of an arbitration award in federal court. Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576, 581-82 (2008). Thus, the first issue in this case is whether there is such a statutory basis for federal jurisdiction of this claim to confirm the Award.

The Petition asserts four statutory jurisdictional bases, although there is at least one other. The Petition relied of the general federal question jurisdiction statute (Doc. #1, ¶3), which authorizes the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A

case can "arise under" federal law in two ways:  A case arises under federal law when (1) federal law creates the cause of action asserted, or (2) the case falls within a "special and small category" of other cases in which "arising under" jurisdiction still lies.  Gunn v. Minton, 133 S. Ct. 1059, 1064-65 (2013); Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006).  A claim by a labor union against an employer for breach of a collective bargaining agreement is a claim under federal common law.  "This Court has recognized a federal common-law claim for breach of a CBA under LMRA § 301(a)."  Granite Rock Co. v. International Brotherhood of Teamsters, 130 S. Ct. 2847, 2855 n.2 (2010) (citing Textile Workers v. Lincoln Mills of Ala., 353 U.S. 448, 456 (1957)).

A suit to enforce a favorable arbitration award is a § 301 claim, Diaz v. Schwerman Trucking Co., 709 F.2d 1371 (11th Cir. 1983), to which only federal law applies, Samples v. Ryder Truck Lines, Inc., 755 F.2d 881, 884-85 (11th Cir. 1985).  "A 'straightforward' § 301 claim involves a union suing an employer for breach of a collective bargaining agreement."  United Paperworks International Local #395 v. ITT Rayonier, Inc., 931 F.2d 832, 834 n.7 (11th Cir. 1991).  Such a straightforward § 301 claim can be brought under the Postal Reorganization Act of 1970.  American Postal Workers Union, AFL-CIO v. United States Postal Service, 823 F.2d 466, 469-70 (11th Cir. 1987).

Although not cited in the Petition, there is a more specific statute which states:  "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service."   28 U.S.C. § 1339.  There is no reason to give this "arising under" statute any different interpretation than § 1331.  See, e.g., Gunn, 133 S. Ct. at 1064.

The Petition also asserts that a federal district court has subject matter jurisdiction under 29 U.S.C. § 185, the Labor Management Relations Act (LMRA), which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  Thus, when the Court "looks through" the petition, Vaden v. Discover Bank, 556 U.S. 49, 62-65 (2009), the Court sees a claim "arising under" federal law under 28 U.S.C. §§ 1331 and 1339.

Additionally, a portion of the Postal Reorganization Act provides:  "Except as provided in section 3628 of this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States

district court under the provisions of chapter 89 of title 28." 39 U.S.C. § 409(a). The reference to "section 3628 of this title" concerns decisions of the Board of Governors of the United States Postal Service with respect to rates proposed by the Postal Rate Commission, which has nothing to do with the present case. "The plain language of this provision grants district courts jurisdiction over contract actions against the Postal Service." Tritz v. U.S. Postal Service, 721 F.3d 1133, 1138 (9th Cir. 2013).

Finally, "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy." 39 U.S.C. § 1208(b). While this provision does not "explicitly authorize judicial review or enforcement of arbitration awards," Am. Postal Workers Union, AFL-CIO, 823 F.2d at 469, the Act is functionally identical to the LMRA and, therefore, case law interpreting the LMRA is applicable to the Act. Sw. Florida Area Local Am. Postal Workers Union AFL-CIO, Inc. v. U.S. Postal Serv., 143 F. App'x 154, 154 (11th Cir. 2005); Am. Postal Workers Union, AFL-CIO, 823 F.2d at 469. Accordingly, the Act "gives federal courts jurisdiction to enforce arbitration awards made pursuant to collective bargaining agreements" between the Postal Service and postal worker labor organizations such as

the Union.  <u>See</u> <u>Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC</u>, 237 F. App'x 543, 545 (11th Cir. 2007).

Despite the presence of multiple statutory bases for subject matter jurisdiction in this case, the Supreme Court has held that in some circumstances the failure to plead an element of a cause of action may have jurisdictional consequences.  "Federal courts lack subject-matter jurisdiction when an asserted federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  <u>Arthur Andersen LLP v. Carlisle</u>, 556 U.S. 624, 628 n.3 (2009) (quoting <u>Steel Co. v. Citizens for Better Environment</u>, 523 U.S. 83, 89 (1998) (quoting <u>Oneida Indian Nation of N.Y. v. County of Oneida</u>, 414 U.S. 661, 666 (1974))). The Supreme Court has also stated that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case."  <u>Lexmark Intern., Inc. v. Static Control Components, Inc.</u>, 134 S. Ct. 1377, 1388 n.4 (2014) (quoting <u>Verizon Md. Inc. v. Public Serv. Comm'n of Md.</u>, 535 U.S. 635, 642–643 (2002)).

The Court finds that the Petition in this case is not so insubstantial, implausible, foreclosed by prior binding precedent, or otherwise completely devoid of merit, as not to involve a

federal controversy.  If it is determined that the allegations in the Petition are incorrect, no cause of action will exist, but the Court will continue to have jurisdiction.  E.g., General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss and Company, Inc., 372 U.S. 517, 519-20 (1963).

## IV.

While the district court has subject matter jurisdiction of this case under multiple statutes, the question still remains whether this particular dispute is a "case" or "controversy" within the meaning of Article III.  The Postal Service maintains that it is not ripe for judicial review because the arbitration award is not final and binding.

"Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662, 670 n.2 (2010) (citation and internal quotation marks omitted); National Park Hospitality Assn. v. Department of Interior, 538 U.S. 803, 808 (2003).  To determine whether a claim is ripe for judicial review, the court considers both "the fitness of the issues for judicial decision" and "the hardship of withholding court consideration." Stolt-Nielsen S.A., 559 U.S. at 670 n.2; National Park Hospitality Assn., 538 U.S. at 808.  The court considers: "(1) whether delayed review would cause hardship to the

plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733 (1998). Generally, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal citation and quotation marks omitted). The ripeness of a claim is a legal question. Temple B'Nai Zion, Inc. v. City of Sunny Isles Beach, Fla., 727 F.3d 1349, 1356 (11th Cir. 2013).

The Court concludes that the claim is ripe for judicial review. Delayed review will cause hardship to Petitioner, which has been involved in the dispute for over a decade. Judicial intervention will not inappropriately interfere with further administrative action by the Postal Service if needed. The Court will not benefit from further factual development of the issues presented.

This is not to say that the Court concludes that the Petition states a cause of action under Rule 12(b)(6). That issue is judged by a different standard, and the Postal Service has waived its ability to seek dismissal under Ruler 12(b)(6) for failure to state a claim by failing to include that basis in its jurisdictional motion to dismiss. See Fed. R. Civ. P. 12(g)(2). Neither party

addressed the issue of failure to state a claim, and the Court declines to pre-judge that issue absent the ability of the parties to address it in the proper context, such as a motion for judgment on the pleadings.

Accordingly, it is now

**ORDERED:**

1.   Respondent's Objection (Doc. #24) and Petitioner's Objections (Doc. #23) are **SUSTAINED IN PART AND OVERRULED IN PART.**

2.   The Report and Recommendation (Doc. #22) is hereby **REJECTED.**

3.   Respondent's Motion to Dismiss (Doc. #8) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record