UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA AREA LOCAL,
AMERICAN POSTAL WORKERS
UNION,

      Petitioner,

v.                                   Case No:   2:14-cv-75-FtM-29DNF

UNITED STATES POSTAL SERVICE,

      Respondent.

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause is before the Court on the Respondent, the United States Postal Service's Motion for Judgment on the Pleadings (Doc. 29) filed on October 15, 2014. The Petitioner, Southwest Florida Area Local, American Postal Workers Union filed a Response in Opposition to the United States Postal Service's Motion for Judgment on the Pleadings (Doc. 31) on October 29, 2014, and in the same document filed a Cross-Motion for Judgment on the Pleadings (Docs. 31 and 32). The United States Postal Service ("USPS") filed a Response in Opposition to Petitioner's Cross-Motion for Judgment on the Pleadings (Doc. 36) on November 24, 2014.

### I.     Allegations in the Petition[1]

In the Petition to Confirm Arbitration Award (Doc. 1), Southwest Florida Area Local, American Postal Workers Union ("Union") asserts that it filed a labor grievance regarding the assignment of the "prepping" of flat mail to the National Postal Mail Handlers Union ("Mail Handlers") instead of the Clerks Craft at the postal facility located at 14080 Jetport Loop, Fort

---

[1]  The "Allegations in the Petition" were taken from the prior Report and Recommendation (Doc. 22).

Myers, Florida 33913 ("Facility"). (Doc. 1, ¶ 5). In the summer of 2000, the Facility received the

new Automated Flat Sorting Machine 100 ("Sorting Machine") to process flat mail, and the USPS

created the "035 flat" prepping operation for the Sorting Machine. (Doc. 1, ¶6). The Union claims

that the Clerks Craft prepped flat mail since the Facility opened, yet the USPS assigned the 035

flat prepping to the Mail Handlers. (Doc. 1, ¶7).

To resolve disputes, the Union, Mail Handlers and the USPS entered into a Memorandum

of Understanding, Regional Instruction 399 – Dispute Resolution Procedures (Doc. 1-1) to resolve

jurisdictional disputes arising from jurisdictional work assignments in a postal facility.   In

addition, the American Postal Workers Union, AFL-CIO and USPS entered into a Collective

Bargaining Agreement (Doc. 1-2) which provides that "[a]ll decisions of the arbitrator will be final

and binding." (Collective Bargaining Agreement, Doc. 1-2, Art. 15 § 5(A)(6), Doc. 1, ¶9).

In August 2000, the Union filed a grievance protesting the USPS's decision to assign the

flat mail prepping work to the Mail Handlers rather than the Clerks Craft.   (Doc. 1, ¶10). On June

12, 2013, a hearing was held before Arbitrator Edward E. Hales with USPS, the Union, and the

Mail Handlers present.   Arbitrator Hales determined that the Clerks Crafts' grievance should be

sustained and found that USPS improperly assigned the flat prepping work to the Mail Handlers

after the Sorting Machines were operational at the Facility. (Doc. 1, ¶12).   "The disputed work

did not fall within an exception to RI-399 which would have indicated that a change in Craft

assignment was permissible."   (Doc. 1, ¶12).   Arbitrator Hales found that the Clerks Craft should

have kept the flat mail prep work.   (Doc. 1, ¶12). Arbitrator Hales awarded the Clerks Craft

monetary relief in the form of back pay compensation.   (Doc. 1, ¶13). Arbitrator Hales entered

the following award:

> After an analysis of the evidence presented in this case, and a review of
> arbitration awards with very similar issues, it is found that Management at the

> Facility improperly assigned the prepping work after the introduction of the new AFSM 100 machine to the Mail Handlers craft. Therefore, the grievance filed by the Clerks craft is hereby sustained. Further, the Clerks craft shall be awarded back compensation for the improper assignment of the disputed prepping work to the Mail Handler craft. Finally, the monetary relief granted in this award is hereby remanded to the Article 15 grievance procedure for implementation.

(Doc. 1-3, p. 14). The Union asserts that the USPS failed to move to vacate the award.   (Doc. 1, ¶18).   On August 28, 2013, the Union wrote to the USPS's plant manager and on December 17, 2013, the Union wrote to USPS's district manager attempting to have the arbitration award implemented.   (Doc. 1, ¶19). USPS responded on December 23, 2013, that it disagreed with Arbitrator Hales' findings on the merits and asserted that Arbitrator Hales exceeded his authority when he granted an Article 15 monetary remedy, and USPS was reviewing the decision of Arbitrator Hales.   (Doc. 1, ¶20). On January 21, 2014, the Union again wrote to USPS regarding the Union's back pay compensation and the return of the mail prep work to the Clerks Craft. (Doc. 1, ¶21). The Union states that it has exhausted its administrative remedies and is requesting that the Court confirm and implement the August 15, 2013 arbitration award, provide back compensation for the improper assignment of the disputed prep work, implement the arbitration award, award pre-judgment interest, award attorneys' fees and costs, and grant any applicable statutory penalties.   (Doc. 1, ¶22. p. 5).

## II.      Motion for Judgment on the Pleadings

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010)

(quotation marks and citation omitted). The facts must be viewed in the light most favorable to the nonmoving party and must be accepted as true as they are alleged in the complaint. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). The standard of review for judgment on the pleadings is nearly identical to the standard used for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Davis v. NCO Financial Systems, Inc.*, 2014 WL 4954705, *2 (M.D. Fla. Oct. 2, 2014)[2](citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

If the parties attach matters outside of the pleading, and these matters are not excluded by the court, then a motion for judgment on the pleadings must be treated as a motion for summary judgment under Fed. R. Civ. P. 54, and all parties must be given a reasonable opportunity to present all material pertinent to the motion. Fed. R. Civ. P. 12(d).   Rule 7(a) defines pleadings, in part as a complaint, and Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."   Fed. R. Civ. P. 7(a) and 10(c). "It would seem to follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment."   *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted). Even though the adoption by reference refers to pleadings, the "incorporation by reference" doctrine has been applied to motions to dismiss under Rule 12(b)(6) if the document is "(1) central to the Plaintiff's claims; and (2) undisputed."   *Id.* at 1134-35.   The term "undisputed" means the authenticity of the document is not challenged.   *Id.* (citations omitted).

---

[2]   Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

"Given that the operative rule language is identical and that the provisions serve the same purpose, we believe that the Rule 12(b)(6) incorporation by reference doctrine should apply in Rule 12(c) cases as well." *Id*.

Attached to the Motion for Judgment on the Pleadings (Doc. 29) is the decision of Arbitrator Hales dated June 12, 2013, and this same document was attached to the Petition to Confirm Arbitration Award (Doc. 1-3).   It is undisputed that Arbitrator Hales' award is central to the Plaintiff's claim and its authenticity is not challenged by the parties.   Therefore, the Court may consider it as a part of the Petition, and will consider it in ruling on the Motion for Judgment on the Pleadings (Doc. 29) and Cross-Motion for Judgment on the Pleadings (Doc. 32).

By contrast, USPS's Response in Opposition to Petitioner's Cross-Motion for Judgment on the Pleadings (Doc. 36) attaches four exhibits, namely: Exhibit A, Declaration of Richard L. Acker dated November 21, 2014; Exhibit B, e-mails from Stanton Keith dated April 3, 2014 and from Patricia Davis Weeks dated April 14, 2014; Exhibit C, Declaration of Douglas E. Lane dated November 21, 2014; and Exhibit D, a letter from Rich Howard dated January 31, 2014. The Petition to Confirm Arbitration Award (Doc. 1) was filed on February 11, 2014, therefore Exhibits A, B, and C attached to the Response (Doc. 36) were drafted after the Petition was filed and are not a part of the Petition and cannot be incorporated by reference.   Exhibit D, the letter from Rich Howard was not attached as an exhibit to the Petition to Confirm Arbitration Award (Doc. 1).

Both parties filed motions for judgment on the pleadings asserting that these matters may be determined on the pleadings alone. The Court carefully reviewed the Exhibits to the Response in Opposition to Petitioner's Cross-Motion for Judgment on the Pleadings (Doc. 36). The Exhibits attached by USPS to the Response in Opposition (Doc. 36) offer little, if any support for the matters presented herein, especially in light of the applicable standards. The additional documents raise

disputed issues of fact that are outside the scope of facts that must be considered to render a decision on the motion and cross-motion for judgment on the pleadings.    Therefore, the Court will consider the award of Arbitrator Hales, but not consider the exhibits attached to the Response in Opposition to Petitioner's Cross-Motion for Judgment on the Pleadings, and will consider both the Motion for Judgment on the Pleadings (Doc. 29) and the Cross-Motion for Judgment on the Pleadings (Doc. 32) as they stand, and not convert either to a motion for summary judgment.

### III.    Analysis

Both USPS's Motion for Judgment on the Pleadings (Doc. 29) and the Union's Cross Motion for Judgment on the Pleadings (Doc. 32) are intertwined and the Court will consider them together. USPS argues that the Union's Petition (Doc. 1) to confirm the arbitration award should be dismissed for failure to state a claim upon which relief may be granted.    USPS asserts that the arbitration award entered by Arbitrator Hales was not "final and binding" and therefore, it is not enforceable by this Court.    USPS contends that the language in the award remands the issue of the relief "to the Article 15 grievance procedure for implementation," and, rather than wait for a decision regarding the remedy after the Article 15 grievance procedure was completed, USPS argues that the Union prematurely filed this action.

The Union seeks to have the arbitration award entered by Arbitrator Hales confirmed and enforced.    The Union alleges that the arbitration award was final and binding, and if USPS asserts that the award was not final and binding, it should have moved to vacate, remand or modify the arbitration award.    The Union contends that USPS agreed that all arbitration awards were final and binding, and never challenged that the arbitration award was final and binding. The Union argues that the arbitration award is final and binding on its face, and that Arbitrator Hales

determined liability and also clearly determined the Union's remedies in his decision, and the only determination that must be made is to calculate the Union's back compensation.

Arbitrator Hales stated in the award, "[t]herefore, the grievance filed by the Clerks Craft is hereby sustained. Further, the Clerks Craft shall be awarded back compensation for the improper assignment of the disputed prepping work to the Mail Handler Craft. Finally, the monetary relief granted in this award is hereby remanded to the Article 15 grievance procedure for implementation." (Doc. 1-3, p. 14). It is undisputed that Arbitrator Hales determined liability by sustaining the grievance of the Union. The issue that remains is whether Arbitrator Hales' award is a final and binding determination when he included the language that the monetary relief granted in the reward was to be remanded to the Article 15 grievance process.

Courts are reluctant to determine the intent of an arbitrator and are "bound to exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution and when enforcement of an arbitration award or settlement agreement is sought under Section 301, the court must be able to say with positive assurance that the award or settlement was intended to cover the dispute." *American Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 827 F. Supp. 836, 839 (D.D.C. 1993) (internal quotation marks omitted) (quoting *United Mine Workers of America District No. 5. v. Consolidation Coal Co.*, 666 F. 2d 806, 811 (3d Cir. 1981)).[3]   A member of a union must exhaust the remedies provided in the collective bargaining agreement before seeking judicial intervention.  *Nat. Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO v. U.S. Postal Service*, 594 F.2d 988, 991 (4th Cir. 1979) (citing *Republic Steele Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965) and *United Steelworkers v. Amer. Manuf. Co.*, 363 U.S. 564, 566 (1960)).

---

[3] Section 15(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b) has been interpreted uniformly with § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).  *Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 938 F.Supp.2d 555, 558 (W.D. Pa. 2013).

"As a general rule an arbitration award requiring reinstatement and back pay, but leaving the calculation of the amount of back pay to the parties, in considered final and enforceable." *United Steel, Paper and Forestry, Rubber Manuf., Energy, Allied Indust. and Serv. Workers Intern. Union v. Smurfit-Stone Container*, 479 F. App'x 250, 254 (11th Cir. 2012).   Yet, when parties cannot agree as to the amount of back pay, then the normal course of action is for a court to determine that the award was ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award. *Id*. (internal quotations omitted) (citing *Aluminum Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp.*, 991 F.2d 1545, 1549 (11th Cir. 1993)). However, if an arbitrator clearly sets forth the remedy and it would be a "pointless gesture" to remand the matter to the arbitrator for mathematical calculations, then the district court may compute the amount of damages. *Id. See also, Sheedy Drayage Co. v. Teamsters Union Local No. 2785,* 2013 WL 791886 (N.D. Ca. March 4, 2013) ("the arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable" (citations and internal quotation marks omitted)), *see also, American Postal Workers' Union, AFL-CIO v. U.S. Postal Service*, 646 F. Supp. 2d 1 (D.D.C. 2009).

In the instant case, Arbitrator Hales determined liability in finding that the Management at the Facility improperly assigned the prep work for the AFSM 100 machine to the Mail Handler Craft, and sustained the Clerks Craft grievance. Arbitrator Hales determined that the remedy was the Clerks Craft being awarded back compensation for this improper assignment. He then remanded the monetary relief to the Article 15 grievance procedure for implementation. The issue is whether the computation of back compensation for the Clerk Craft is merely a monetary mathematical computation or whether there are significant issues that still must be determined as to this grievance.

The Union argues that the arbitration award is final and binding on its face.   Reviewing Arbitrator Hales' award on its face, there is no indication that Arbitrator Hales intended that this award be final and binding.   Those terms are not incorporated in the award.   Arbitrator Hales did not simply determine that the Union was entitled to back compensation for the improper assignment of the prep work, but also remanded the monetary relief to the Article 15 grievance procedure for implementation.   If Arbitrator Hales' determination was final, binding and complete as argued by the Union, then there would be no need to remand the monetary relief for further arbitration proceedings.

The Union argues that USPS agreed that all arbitration awards are final and binding and it failed to move to vacate the award, therefore, Arbitrator Hales' award is final and binding.   The Court does not agree. Both parties agreed to be bound by the arbitration award, and "[t]he arbitrator's award shall be final and binding."   (See, Doc. 1-1, p. 2, Regional Instruction 399), and (Collective Bargaining Agreement, Doc. 1-2, Art. 15 § 5(A)(6), Doc. 1, ¶9).   The Union cited *Insurdata Marketing Services, LLC v. Healthplan Services, Inc.,* 352 F. Supp. 2d 1252, 1262 (M.D. Fla. 2005) which held that a final and binding arbitration award is enforceable pursuant to an arbitration agreement entered into by the parties, but in that case there was no dispute as to whether the arbitration award was final and binding.   In this case, it is not contested that Arbitrator Hales' award is final as to some aspects of the dispute, such as finding that the prep work at issue was improperly assigned to the Mail Handlers, and that the Union is entitled to an award of back compensation. However, Arbitrator Hales' determination is incomplete because he did not determine the amount of the monetary relief, did not determine the method to calculate the monetary remedy, but instead chose to send that portion of the award to the Article 15 grievance procedure for implementation. To interpret the language of these agreements to mean that any

award, even if not complete, is final and binding to the extent that it is enforceable by the Court goes against the case law and policy of courts.   A court may not enforce awards that are ambiguous or incomplete. *United Steel, Paper and Forestry, Rubber Manuf., Energy, Allied Indust. and Serv. Workers Intern. Union v. Smurfit-Stone Container*, 479 F. App'x 250, 254 (11th Cir. 2012). This Court cannot say "with positive assurance" that Arbitrator Hales' award resolved the entire dispute and was complete.

The Union argues that USPS failed to move to vacate or modify the arbitration award and the time to vacate or modify the award has passed.   The Court agrees that the failure to challenge an arbitration award within the 90 day limitations period renders an award final. *Wood v. B.C. Daniels, Inc.*, 2008 WL 2163921 (S.D. Ala. May 21, 2008).   Although it is true that USPS did not move to vacate or modify the arbitration award, the issue of whether an award is complete and thereby final and binding does not revolve around whether a party moved to vacate or modify an arbitration award. It is immaterial that USPS had not moved to vacate or modify Arbitrator Hales' award, and has no bearing on USPS asserting that the arbitration award is not final and binding, and therefore unenforceable. The Court acknowledges that USPS may not have moved as speedily as it could, possibly dragging its feet to have the monetary remedy resolved at an Article 15 proceeding, but the law is such that this conduct does not rise to any violation.

The Court also considered whether the computation of back compensation and the monetary relief would be a purely mathematical computation or would require additional determinations.   The Union has failed to show the Court that the back compensation is purely a mathematical compensation.   Many issues regarding back compensation remain unresolved, such as the number of years that the Union is entitled to back compensation and the elements that comprise back compensation which were not set forth in the arbitration award and are yet to be

determined.   The strongest evidence showing the arbitration award was incomplete and additional determinations need to be made is Arbitrator Hales' language in the arbitration award remanding the issue of "monetary relief to the Article 15 grievance procedure for implementation." (Doc. 1-3, p. 14), which requires a further proceeding before the dispute is completely resolved.

**IT IS RESPECTFULLY RECOMMEDED:**

1)   The Motion for Judgment on the Pleadings (Doc. 29) be **GRANTED** and this action be dismissed.

2)   The Cross Motion for Judgment on the Pleadings (Doc. 32) be **DENIED.**


Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 14 , 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties