UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHWEST FLORIDA AREA LOCAL, AMERICAN POSTAL WORKERS UNION,

    Petitioner,

v.                                    Case No: 2:14-cv-75-FtM-29DNF

UNITED STATES POSTAL SERVICE,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on consideration of United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #41), filed January 14, 2015, recommending (1) that Respondent United States Postal Service's Motion for Judgment on the Pleadings (Doc. #29) be granted; (2) that Petitioner Southwest Florida Area Local, American Postal Workers Union's Cross Motion for Judgment on the Pleadings (Doc. #32) be denied; and (3) that Petitioner's Petition to Confirm Arbitration Award (Doc. #1) be dismissed.  Petitioner filed an Objection (Doc. #42) on January 28, 2015 to which Respondent filed a Response (Doc. #45) on February 20, 2015.

**I.**

This matter stems from Respondent the United States Postal Service's (the Postal Service) decision in the summer of 2000 to

assign the "prepping" of certain flat mail at the Fort Myers postal facility to the National Postal Mail Handlers Union (the Mail Handlers) instead of to Petitioner the Southwest Florida Area Local, American Postal Workers Union (the Union).  The Union opposed that decision and, pursuant to a contractual arbitration process, sought a determination that the Union, not the Mail Handlers, were entitled to the prepping work.  The Union prevailed, and arbitrator Edward E. Hales (the Arbitrator) issued an award (the Award) holding that the work assignment should have been to the Union and granting the Union employees back pay.  (Doc. #1-3.)  The Award did not determine the amount of monetary relief owed to the Union employees or specify the method for calculating back pay.  (Id.)  Instead, the Arbitrator remanded those matters to be resolved in a future Article 15 grievance proceeding pursuant to the parties' collective bargaining agreement.[1]  (Id.)

On February 11, 2014, prior to the completion of the Article 15 process on remand, the Union filed its Petition to Confirm the Award (the Petition).  (Doc. #1.)  On October 15, 2014, the Postal Service moved for judgment on the pleadings, arguing that the Petition must be denied because the Award is not "final and

---

[1] The grievance procedure is commonly referred to as an Article 15 Proceeding because the particulars of the grievance process are set forth in Article 15 of the parties' collective bargaining agreement.  (Doc. #1-2, p. 87.)

binding," and, therefore, cannot be confirmed by a federal court. In response, the Union filed its own motion for judgment on the pleadings, arguing that the Award is final, binding, and confirmable. On January 15, 2015, the Magistrate Judge determined that the Award was not "final and binding" because the Arbitrator remanded the case for an Article 15 proceeding to determine the amount of back pay owed to the Union. As a result, the Magistrate Judge concluded that the Award may not be enforced by a federal court and recommended that the Postal Service's motion for judgment on the pleadings be granted.

**II.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal

conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

### III.

Federal courts have the power to confirm or vacate labor arbitration awards that are final and binding. Gen. Drivers, W. & H. v. Riss & Co., 372 U.S. 517, 519 (1963).  "As a general rule an arbitration award requiring reinstatement and back pay, but leaving the calculation of the amount of back pay to the parties, is considered final and enforceable.  If the parties cannot agree on the amount of back pay, however, the normal course of action is to treat the award as ambiguous or incomplete and remand the dispute to the original arbitrator to clarify the award." United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Smurfit-Stone Container Corp., 479 F. App'x 250, 254 (11th Cir. 2012) (quoting Aluminum, Brick & Glass Workers Int'l Union v. AAA Plumbing Pottery Corp., 991 F.2d 1545, 1549 (11th Cir. 1993)).  Thus, where the arbitrator specifies the means for calculating back pay and, as a result, the amount can be derived via a simple mathematical calculation, an arbitration award is final and confirmable even if the arbitrator declined to do the calculation himself or herself. Id.  However, where an arbitrator "simply award[s] back pay in the abstract" and

leaves open issues that must be decided before back pay can be calculated, the award is not final and confirmable. Id.

Here, as noted by the Magistrate Judge, there are open issues that must be resolved before the Union's damages can be calculated. (Doc. #41, pp. 8-11.) For example, the Award notes that, in 2005, new technology was introduced that impacted the method by which prepping work was performed. (Doc. #1-3, p. 11.) The Mail Handlers argued that even if the Postal Service was wrong to assign them the prepping work in 2000, it was permitted to assign them the prepping work in 2005 due to operational changes resulting from the new technology.[2] (Id.) The Union argued to the contrary. Ultimately, the Arbitrator declined to decide this issue, concluding that because the Union's underlying grievance was filed following the Postal Service's decision in 2000, he was tasked with determining only whether the Postal Service's decision in 2000 was proper. (Id.) However, whether the Postal Service could have assigned the prepping work to the Mail Handlers in 2005 must

---

[2] Elsewhere in the Award, the Arbitrator recognized that an "operational change" (as defined in the parties' collective bargaining agreement) could allow the Postal Service to assign the prepping work to the Mail Handlers instead of the Union. (Doc. #22, p. 13.)

be resolved before damages can be calculated because it directly impacts the amount of time for which the Union is owed back pay.

As a result, determining the amount of back pay owed to the Union undoubtedly requires much more than the ministerial act of performing mathematical calculations. For that reason, the Arbitrator chose to remand the case to an Article 15 Proceeding to resolve the factual issues necessary to determine the proper implementation of back pay. Therefore, the Court agrees with the Magistrate Judge that, on its face, the Award is not final and confirmable. Accordingly, the Postal Service is entitled to judgment on the pleadings and the Union's Petition to Confirm Arbitration Award (Doc. #1) is denied.

Accordingly, it is now

**ORDERED:**

1.   The Report and Recommendation (Doc. #41) is hereby **ADOPTED** and the findings **INCORPORATED** herein**.**

2.   Respondent United States Postal Service's Motion for Judgment on the Pleadings (Doc. #29) is **GRANTED**.

3.   Petitioner Southwest Florida Area Local, American Postal Workers Union's Cross Motion for Judgment on the Pleadings (Doc. #32) is **DENIED.**

4.   Petitioner Southwest Florida Area Local, American Postal Workers Union's Petition to Confirm Arbitration Award (Doc. #1) is **DENIED.**

5.  The Clerk shall terminate all pending motions and deadlines as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record